In the Matter of the Disciplinary Action against Jerome L. JAYNES, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT, Petitioner,

v.

Jerome L. JAYNES, Respondent.

Civ. No. 9450.

Supreme Court of North Dakota.

June 28, 1978.

Gregory D. Morris, Bismarck, for petitioner.

Jerome L. Jaynes, Hettinger. (No appearance.)

SAND, Justice.

A grievance complaint was filed on 12 July 1977 against Jerome L. Jaynes alleging that he, in undertaking to probate an estate: (1) charged too much for the small amount of work completed, (2) did not pursue the case with vigor, and (3) did not tell the truth to the clients involved.

Upon receipt of the grievance complaint, initial investigations and inquiry proceedings were instituted in accordance with the Rules of Disciplinary Procedure, from which it was determined that further formal proceedings were appropriate. Thereafter a hearing officer was appointed and a hearing was held on the 22nd day of December, 1977, before Thomas Ewing, hearing officer, but the respondent attorney, Jerome L. Jaynes, made no appearance.

The hearing officer, on 30 January 1978, made findings of fact, conclusions of law, and recommendations, of which copies were transmitted to the Supreme Court on 31 January 1978 for its consideration, and a copy was served upon Jerome L. Jaynes, the respondent, who did not file exceptions within the twenty days as provided for in Rule 10(*1*) of the North Dakota Rules of Disciplinary Procedure.

Under these conditions, the court will accept the uncontested findings, conclusions, and recommendations of the hearing officer correct as submitted for final consideration and disposition by this court. See *Matter of Maddock,* 265 N.W.2d 230 (N.D. 1978).

The pertinent findings are:

That Jerome L. Jaynes was admitted to practice as an attorney and counselor at law in this State on or about 16 July 1965 and at the time of the proceedings was an attorney at law on the records of the Supreme Court and practicing in the vicinity of Hettinger, North Dakota.

"X.

"The Respondent, in the course of the private practice of law on or about March of 1976, undertook the representation of Muriel Seamands and the probate of the estate of Lowell Seamands.

"XI.

"In the course of the above-mentioned representation the Respondent charged

and collected a fee of $1150.00 (eleven hundred fifty dollars) from Mrs. Seamands and the Lowell Seamands estate.

"XII.

"In the course of that representation, the Respondent neglected to perform his duties as counsel for Mrs. Seamands and the Lowell Seamands estate by unreasonably delaying in the completion of the probate and such conduct constitutes a violation of Canon 6, DR 6–101(A)(3) and Canon 7, DR 7–101(2) [7–101(A)(2)] and EC 7–38 of the Code of Professional Responsibility as adopted by the State Bar Association of North Dakota and approved by the Supreme Court.

"XIII.

"The complainant, Joleen Erickson, found it necessary to hire substitute counsel to handle the estate of Muriel Seamands, deceased.

"XIV.

"The Respondent has failed to refund the unearned compensation he has received, which is in violation of Canon 2, EC 2–32, DR 2–110(A)(3) of the Code of Professional Responsibility as adopted by the State Bar Association of North Dakota and approved by the Supreme Court.

"XV.

"The Respondent has had seven informal complaints filed against him with the Disciplinary Board of the Supreme Court, which complaints have resulted in three private admonishments.

"XVI.

"The action of the Respondent, the violations of the Canons of the Code of Professional Responsibility and the history of complaints are sufficient grounds for disciplinary action against the Respondent.

"CONCLUSIONS AND RECOMMENDATIONS

"Upon the foregoing Findings, this hearing officer of the Disciplinary Board of the Supreme Court concludes that the Respondent has violated the Canons of the Code of Professional Responsibility by his own admission and that the Respondent has a history of complaints,

which together constitute sufficient basis for a public reprimand.

"WHEREFORE, it is the recommendation of this hearing officer that the Respondent be publicly reprimanded and be required to pay the costs of the formal disciplinary proceeding and refund all of the compensation he received for handling the Estate of Muriel Seamands, deceased."

The allegation that respondent did not tell the truth to the clients involved in the estate was not covered by the findings of fact or conclusions. We therefore consider that allegation abandoned.

■ Public trust in the legal profession is a necessity and as a consequence lawyers traditionally have been held to a higher standard. *In re Anderson,* 195 N.W.2d 345 (N.D.1972).

*In the Matter of Fosaaen,* 234 N.W.2d 867 (N.D.1975), we said:

"An attorney is trained at law, has taken an oath, assumes a position of public trust and holds himself out to the public as being fit and capable of handling its funds and problems. The attorney has assumed a position of responsibility to the law itself and a disregard for the law is more serious than a breach by a layman or non-lawyer. He is an officer of the Court."

■ Any act of a lawyer which tends to discredit his trust either by commission or omission cannot and will not be condoned. The fact that an injured party may recover from a lawyer in a malpractice action is in itself not sufficient to maintain the necessary high standard. To achieve and maintain the public trust the State Bar Association of North Dakota has adopted a Code of Professional Responsibility containing Canons of Ethics, all of which have been adopted by the Supreme Court. The Canons of Ethics and the Code of Professional Responsibility must be adhered to and respected by all concerned.

■ The conduct of Jerome L. Jaynes, to a degree, has caused a loss of respect and

confidence in the legal profession and as a result has impaired the public trust. However, we do not believe that it is of such sufficient severity or magnitude so as to impose a suspension; nevertheless, some sanction is required. We are therefore accepting the recommendation of the hearing body and accordingly are ordering a public reprimand.

In addition to the foregoing public reprimand, and in accordance with Rule 10(n), North Dakota Rules of Disciplinary Procedure, it is ordered that, as a condition to continue to practice law, Jerome L. Jaynes refund any moneys he received for handling the estate of Muriel E. Seamands, deceased, within thirty days from service of this order and present evidence of payment to the Clerk of the Supreme Court;

It is further ordered that he pay for the costs of the disciplinary proceedings, which amount is to be determined by the Disciplinary Board or its designated officer or agent, and that he submit to the Clerk of the Supreme Court evidence of payment or evidence that satisfactory arrangements for payment have been made with the Disciplinary Board.

Failure to comply with this order within thirty days hereof shall suspend his certificate of admission to the bar until proof of compliance is submitted to this Court.

It is further ordered that a copy of this order be promptly served by mail upon Jerome L. Jaynes, and be given to those news media providing service to the State Capitol and news media serving Hettinger County.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.