**In the Matter of the APPLICATION FOR DISCIPLINARY ACTION AGAINST Robert N. LEE, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SUPREME COURT, Complainant,**

v.

**Robert N. LEE, Respondent.**

**Civ. No. 9602.**

Supreme Court of North Dakota.

Aug. 6, 1979.

Gregory D. Morris, Bismarck, for Disciplinary Board.

W. T. DePuy, Grafton, for respondent.

VANDE WALLE, Justice.

This is a disciplinary action against an attorney, Robert N. Lee.

Lee represented Kenneth Coppola in a divorce action. On May 6, 1978, Lee received a check for $3,000 from Mr. Coppola with instructions that he pay that amount to Coppola's former wife, Nancy Coppola, as part of a court-ordered property settlement.

Lee deposited the check in his business account at a bank in Cavalier, North Dakota, and, on May 15, 1978, issued a check for $3,000 to Mrs. Coppola. Lee gave the check to counsel for Mrs. Coppola, who in turn mailed it to her. Upon receiving the check, Mrs. Coppola deposited it in her savings account at a financial institution in Grand Forks, North Dakota. The check, however, was twice dishonored by Lee's bank in Cavalier because his account contained insufficient funds. After each dishonor, Lee received notice of his account's lack of funds and the bank's refusal to accept his check.

On June 29, 1978, counsel for Mrs. Coppola presented the check at Lee's bank in Cavalier. At that time, he requested and received a cashier's check from the bank in exchange for the $3,000 check issued by Lee. Because of the delay in Mrs. Coppola's receipt of the proceeds of the check—well over 50 days from the time that Lee initially received instructions to issue the check to Mrs. Coppola—she suffered a loss of $16.38 in interest and a loss of the use of the funds during the period that Lee's check remained unpaid.

The Disciplinary Board of the Supreme Court of North Dakota received an informal complaint against Lee in early July 1978. Pursuant to Rule 8, North Dakota Rules of Disciplinary Procedure, Inquiry Committee East investigated the complaint and gave notice to Lee of his right to respond and to appear before it, but Lee availed himself of neither opportunity. After consideration of the matter, Inquiry Committee East recommended to the Disciplinary Board that a formal disciplinary proceeding be instituted against Lee, and that he be publicly reprimanded for his conduct.

The Disciplinary Board considered the matter and ultimately filed a formal complaint against Lee, charging that by his conduct he violated Sections 27–13–05 [1] and 27–14–02(1), (7), N.D.C.C.,[2] and Canons 1, DR1–102(A)(1), (6),[3] and 9, DR9–102,[4] Code

---

1. Section 27–13–05, N.D.C.C., provides:

"An attorney, except as otherwise provided in sections 27–13–06 and 27–13–07, who receives money or property of his client in the course of his professional business and who refuses to pay or deliver the same to the person entitled thereto within a reasonable time after a demand therefor has been made upon him, is guilty of a class A misdemeanor."

2. Section 27–14–02, N.D.C.C., provides, in part:

"The certificate of admission to the bar of this state of an attorney and counselor at law may be revoked or suspended by the supreme court if he has:

"1. Committed an offense determined by the supreme court to have a direct bearing upon a person's ability to serve the public as an attorney and counselor at law, or the supreme court determines, following conviction of an offense, that the person is not sufficiently rehabilitated under section 12.1–33–02.1;

"7. Committed any other act which tends to bring reproach upon the legal profession. The enumeration of certain grounds for dis-

barment or suspension of attorneys at law shall not be deemed a limitation upon the general powers of the supreme court to suspend or disbar for professional misconduct."

3. Canon 1, DR1–102, Code of Professional Responsibility, provides, in part:

"(A) A lawyer shall not:

"(1) Violate a Disciplinary Rule.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

4. Canon 9, DR9–102, Code of Professional Responsibility, provides:

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer

of Professional Responsibility. For these violations, the Disciplinary Board requested that Lee be publicly reprimanded and required to pay the cost of these disciplinary proceedings.

After Lee answered, he and the Disciplinary Board, both through counsel, entered into a "Stipulation, Waiver and Agreement," which included a stipulation as to the basic facts of this matter and a waiver by both sides of their right to present additional testimony and to confront and cross-examine witnesses except Lee himself and those witnesses offered by Lee for purposes of mitigation.

 The Disciplinary Board conducted a formal hearing. Lee appeared without counsel and testified. Following this hearing, the Disciplinary Board filed its "Findings, Conclusions and Recommendations." The Disciplinary Board concluded that Lee

had violated Sections 27–13–05 and 27–14–02(7), N.D.C.C., and Canon 9, DR9–102(A) and (B)(4), Code of Professional Responsibility, and recommended that Lee be publicly reprimanded, be required to pay Mrs. Coppola $16.38 as interest lost during the time his check remained dishonored and unpaid, and be required to pay the cost of these disciplinary proceedings. Counsel for Lee and the Disciplinary Board then entered into a stipulation stating that neither objected to the findings and recommendations of the Disciplinary Board and that both waived oral argument and submission of briefs to this court. This court, however, ordered the parties to file briefs and, unless they waived their right to do so, to appear for oral argument.[5]

 Lee has conceded that he violated the State statutes and disciplinary rules cited above. Therefore, we only briefly dis-

---

or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

5. In his brief to this court, counsel for Lee stated:

"In view of the fact Respondent, through counsel, has already stipulated to the effect that neither Respondent or Disciplinary Counsel objects to the findings and recommendations of the hearing panel, it seems almost an exercise in futility to even comment about the matter at hand. However, since the Supreme Court has deemed it proper to refuse the Stipulation, it, apparently, has become a nullity and, consequently, is no longer binding upon either the Respondent or Disciplinary Counsel. It does not necessarily

follow that we appreciate this unexpected freedom; for it leaves us with the uncomfortable feeling that the Supreme Court does not really regard either Disciplinary Counsel or ,this writer as officers of the Court. It seems to us that when the Court found the Stipulation to be unacceptable some obligation arose to inform counsel as to why it would not be approved. Particularly is this so since an unexplained disapproval leaves both counsel in a quandary as to whether the Court believes the procedure to have been faulty or the findings incorrect or the recommended discipline to be excessive or inadequate. As a consequence of this uncertainty, we proceed somewhat in the dark."

This court is not bound by stipulations entered into between the Disciplinary Board and an attorney against whom disciplinary proceedings have been instituted. Moreover, this court does not act as a mere rubber stamp, approving, after only a perfunctory review, the findings and recommendations of the Disciplinary Board. We asked the parties to file briefs so that the facts of the case and the rationale underlying the recommendation that, among other things, Lee receive a public reprimand, would be delineated. To borrow the trite but appropriate metaphor used by counsel for Lee, without the illumination that these briefs have provided we would be reviewing this case "in the dark." The briefs were not required for mere form, but provided additional insight that may not be found in the findings, conclusions, and recommendations of the Disciplinary Board.

cuss the nature of his mishandling of his client's funds. Lee failed to maintain the separate identity of his client's funds by not depositing them in an account separate from his personal business account. As Canon 9, EC9–5, points out, "Separation of the funds of a client from those of his lawyer not only serves to protect the client but also avoids even the appearance of impropriety, and therefore commingling of such funds should be avoided." [6] Both evils, which may be avoided by an observance of EC9–5, befell Lee through his unethical conduct. First, his client's $3,000 was diverted for over 50 days from the person to whom the client, by his instructions, directed it. And, second, Lee's commingling of his client's funds with his own has created, rather than avoided, the appearance of impropriety. The issuance of a check with insufficient funds in the account upon which the check is drawn may constitute criminal conduct in itself. [7]

For the most part, the facts set forth previously are undisputed. The sole remaining dispute concerns the punishment Lee should receive for his illegal and unethical conduct. In their briefs to this court, counsel for the Disciplinary Board asks that we publicly reprimand Lee, and counsel for Lee asks that private reprimand be considered.

To determine the proper discipline, we look for guidance in the words of Henry Drinker:

"Ordinarily the occasion for disbarment should be the demonstration, by a continued course of conduct, of an attitude wholly inconsistent with the recognition of proper professional standards. Unless it is clear that the lawyer will never be one who should be at the bar, suspension is preferable. For isolated acts, censure,

private or public, is more appropriate. Only where a single offense is of so grave a nature as to be impossible to a respectable lawyer, such as deliberate embezzlement, bribery of a juror or court official, or the like, should suspension or disbarment be imposed. Even here the lawyer should be given the benefit of every doubt, particularly where he has a professional record and reputation free from offenses like that charged. Similarly, such extreme measures should be invoked only in case of fairly recent offenses, proof in refutation of which would be reasonably available to respondent, except, of course, in cases where he was shown to have actively concealed them. Just as a lawyer who has been habitually dishonest will almost certainly revert to his low professional standards when necessity, temptation, and occasion recur, so one who has been consistently straight and upright can properly be trusted not to repeat an isolated offense unless of such a nature as of itself to demonstrate a basically depraved character." [Footnotes omitted.] Henry Drinker, *Legal Ethics* (New York: Columbia University Press, 1953), pp. 46–47.

See also *Matter of Jaynes* [1st case], 267 N.W.2d 782 (N.D.1978).

Lee's record, apart from this incident, is unblemished. He appears remorseful and apparently has remedied the prohibited accounting practices that created this problem. His commingling of the funds of his client with his own funds is different from the mishandling of the funds of clients occurring in *Matter of Jaynes* [1st case], *supra*; *Matter of Jaynes* [2d case], 278 N.W.2d 429 (N.D.1979); *In re Jelliff*, 271 N.W.2d 588 (N.D.1978); and *Matter of Wal-*

---

**6.** Disciplinary Rule 9–102(B)(4) provides, in part, that a lawyer shall:

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

Even though Mr. Coppola gave the $3,000 to Lee with instructions that Lee pay that amount to a third person, and thus Lee deprived the third person and not his client of possession of

the funds, Lee's conduct still constituted a violation of Disciplinary Rule 9–102(B)(4). The intent of this disciplinary rule is to require that an attorney swiftly deliver his client's funds according to the client's instructions. Lee's delay in the transmittal of the funds to Mrs. Coppola frustrated the intent of DR9–102(B)(4).

**7.** See Secs. 6–08–16 and 6–08–16.2, N.D.C.C.

*ton,* 251 N.W.2d 762 (N.D.1977). In *Matter of Jaynes* [1st case], *supra* ; *In re Jelliff, supra* ; and *Matter of Walton, supra* ; the disciplined attorney mishandled funds belonging to a client or clients and, until an investigation of alleged unethical conduct began, made no attempt to return the funds to the client. Here, prior to the commencement of the disciplinary action, Lee's account eventually contained sufficient funds to enable his bank to honor the $3,000 check.

In *Matter of Jaynes* [2d case], *supra,* the disciplined attorney had repeatedly engaged in or had been suspected of engaging in unethical conduct. In the words of this court, ". . . four informal complaints against Jaynes were dismissed; three informal complaints resulted in private admonishments; and one resulted in a public reprimand." 278 N.W.2d at 435. Here, apart from this incident, Lee has not previously been disciplined professionally nor has a complaint alleging unethical conduct been filed against him.

 We cannot condone Lee's mishandling of his client's funds. The fact that Mrs. Coppola suffered only a small loss of interest through Lee's mishandling of his client's funds is not the significant factor to us. An attorney's failure to preserve the separate identity of his client's funds is an ethical violation, even absent any harm to others. An attorney may have acted in good faith in initially commingling his client's funds with his own, but such commingling all too easily results in situations such as the one Lee has created. We believe that this is one of the reasons that DR9–102(A) requires that an attorney maintain a separate account into which a client's funds are deposited and kept separate from the attorney's personal or office funds.

Lee's action has tarnished the reputation of the legal profession and diminished the public's respect for and confidence in it. But, in view of his otherwise unmarred record, his remorse, and his resolution of the problem prior to the institution of these proceedings, we believe that disbarment or suspension would be unnecessarily harsh.

We therefore order that Lee be publicly reprimanded for his unethical conduct. In this regard we order that the clerk of the Supreme Court disseminate copies of this opinion to the news media serving the State Capitol and Pembina County. We also order that Lee pay to Mrs. Coppola $16.38, representing the interest lost from the $3,000, and that he apologize to her by letter for his misconduct. Finally, we order that Lee pay for the cost of this disciplinary proceeding, the amount of this cost to be determined by the Disciplinary Board or its designated agent, and that he submit to the clerk of the Supreme Court, within 30 days after the Disciplinary Board or its designated agent determines the cost of this proceeding, evidence of his apology to Mrs. Coppola and of his payment or the arrangements made for payment of the cost of this proceeding.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.